**Deanna. BIGONI, Plaintiff,**

v.

**PAY 'N PAK STORES, INC., a foreign corporation; and Roger Hatch, Defendants.**

**Civ. No. 88–1162–FR.**

United States District Court, D. Oregon.

Sept. 10, 1990.

See also 132 F.R.D. 555.

Charles J. Merten, Merten & Associates, Portland, Or., for plaintiff.

E. Sean Donahue, Carol J. Bernick, Davis Wright Tremaine, Portland, Or., Michael Reiss, Michael J. Kileen, Davis Wright Tre-

maine, Seattle, Wash., for defendant Pay 'N Pak Stores, Inc.

Steven N. Bogdon, Marsh, Higgins & Foster, Vancouver, Wash., for defendant Roger Hatch.

## OPINION

FRYE, District Judge:

The matter before the court is the motion to strike (# 104) of defendant Pay 'N Pak Stores, Inc. (Pay 'N Pak).

Pay 'N Pak moves the court to strike three portions of the amended complaint of plaintiff, Deanna Bigoni, as follows:

1. Paragraph 5(a), lines 19 through 21, of the first claim for relief for outrageous conduct, which states: "At all times stated defendant Hatch acted within the scope of his actual or apparent authority on behalf of defendant Pay 'N Pak."

On June 21, 1990, this court filed an opinion and order granting the motion of Pay 'N Pak for summary judgment on the first claim for relief on the grounds that there was no evidence that the alleged acts of defendant Roger Hatch were done on behalf of Pay 'N Pak. This court allowed Bigoni to file an amended complaint to add a second claim for relief. The court did not intend to allow her to reallege the first claim for relief which had already been ruled upon. Paragraph 5(a), lines 19 through 21, of the first claim for relief is redundant and immaterial to the remaining claim. Pay 'N Pak's motion to strike is granted.

2. That portion of paragraph 7 which alleges punitive damages against Pay 'N Pak. Bigoni concedes that this portion was "an erroneous leftover from the original complaint." Pay 'N Pak's motion to strike is granted.

3. That portion of paragraph 12(b), lines 23 through 26, of the second claim for relief for negligent retention, which states that Hatch's conduct alleged in paragraph 9 was foreseeable "because of his violent and turbulent personality, alcohol problem, mental condition, hostility towards women in general and the plaintiff in particular, and sexual harassment of women and the

plaintiff in particular." Pay 'N Pak argues that the alleged reasons for the foreseeability of Hatch's conduct are evidentiary and "simply do not belong in plaintiff's amended complaint."

This portion of the amended complaint, however, constitutes the factual basis for the assertion of foreseeability. These allegations are therefore not redundant, immaterial or impertinent to the second claim for relief, and therefore there is no basis for this court to strike them from the complaint. Pay 'N Pak's motion to strike is denied.

## CONCLUSION

Pay 'N Pak's motion (# 104) to strike paragraph 5(a) and a portion of paragraph 7 is granted. Pay 'N Pak's motion (# 104) to strike a portion of paragraph 12(b) is denied.